*EXHIBIT A*



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

**Interpretive Letter #1005**
**September 2004**

June 10, 2004

Fred H. Miller
President
National Conference of Commissioners on Uniform State Laws
211 E. Ontario Street, Suite 1300
Chicago, IL 60611

Lance Liebman
Director
American Law Institute
Executive Office
Philadelphia, PA 19104

Dear Messrs. Miller and Liebman:

I am writing in response to your letter of May 12, 2004, concerning the impact of recently
adopted OCC regulations concerning preemption of state laws [1] on provisions of the Uniform
Commercial Code (UCC), which has been sponsored by NCCUSL and the ALI.[2]  There has been
some misunderstanding of the scope of the rules, and I welcome the opportunity to address your
questions.

First, the rule only preempts the types and features of state laws pertaining to making loans and
taking deposits that are specifically listed in the regulation.  These are state laws for which
substantial precedent existed, prior to our adoption of the preemption rules, recognizing the
interference they pose to the ability of Federally chartered institutions to operate under uniform
Federal standards.  The rule does not operate to preempt other types of State laws – laws that do
not appear on the lists in the regulation.  Second, for all other types of laws, the OCC may
determine, on a case-by-case basis, in the same manner and employing the same judicially-
recognized standards of preemption that we applied to preemption issues prior to adoption of
these regulations, whether such non-listed state laws are preempted under such standards, which
are summarized by the "obstruct, impair, or condition" phrasing used in the rule.  Finally, again

---

[1] 69 Fed. Reg. 1904 (January 13, 2004) (the preemption rule) (adding new §§ 7.4007 (deposit taking), 7.4008 (non-
real estate lending), and 7.4009 (other Federally authorized activities of national banks) and revising § 34.4 (real
estate lending)).

[2] Your letter asks us to address the UCC sponsored by NCCUSL and the ALI, which has been the law in every state
for some 50 years.  We are not undertaking to address non-uniform provisions that individual states may adopt and
elect to include in the body of their state commercial code.

with respect to deposit taking and lending, the rule lists types of state laws that generally *do apply* to national banks and provides, further, that state laws in addition to those listed also apply if the OCC determines that they only incidentally affect a national bank's exercise of its Federal powers or are "otherwise consistent" with those powers.  In the preamble to the final rule, we explained that state laws that "establish the legal infrastructure that makes practicable the conduct of [the banking] business"[3] would not be preempted.

You have described the UCC as providing "the basic legal infrastructure for sales and leases of goods, negotiable instruments and bank deposits and check collection, commercial funds transfers, letters of credit, documents of title, investment securities and personal property secured transactions, including loans."  You have asked us to confirm your conclusion that:

> the UCC is a body of state law that does not obstruct, impair, or condition the ability of national banks to exercise fully the powers granted by federal law. Rather those powers are implemented and supported by the UCC, which provides a uniform law of general applicability on which parties rely in their daily commercial transactions.

We agree.  Accordingly, such provisions would not be preempted under the OCC's preemption rules nor under the judicially-developed standards of preemption that would be applicable to the preemption analysis of laws not specifically listed in our regulations.

I hope this letter is responsive to your concerns.


Sincerely,

/s/ *Julie L. Williams*

Julie L. Williams
First Senior Deputy Comptroller and Chief Counsel

---

[3] 69 Fed. Reg. at 1913.