UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:10-cv-00165-MMH-GRJ

HWE HOOD, individually
and as class representative,

    Plaintiff,

- vs. -

HSBC BANK NEVADA, N.A.,

    Defendant.

_____/

**DEFENDANT HSBC BANK NEVADA, N.A.'S
EXPEDITED MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed.R.Civ.P. 26(c) and Local Rule 3.04(b), Defendant HSBC Bank Nevada, N.A. ("HSBC"), moves for a protective order prohibiting Plaintiff Hwe Hood ("Hood") from taking the Rule 30(b)(6) deposition of HSBC she has noticed for August 30, 2010.[1]

HSBC has moved for a protective order only two business days after the Notice of Deposition was served, on August 13, 2010. HSBC respectfully requests that the Court temporarily stay all deposition and written discovery until the Court rules on this Motion. In the alternative, given the date for which Hood has noticed the deposition, HSBC respectfully requests that the Court order expedited briefing from Hood and give this Motion expedited treatment.

---

[1] A copy of Hood's "Notice of Taking of Deposition (Duces Tecum) of Defendant HSBC Bank Nevada, N.A. Through Designated Witnesses Pursuant to Fed. Rule Civ. P. 30(b)(6)" is attached hereto as Exhibit A. HSBC assumes that Plaintiff's inclusion of the phrase "duces tecum" in the Notice of Deposition was a typographical error.

**I.     INTRODUCTION**

Currently pending before the Court in this putative class action is HSBC's renewed Motion to Compel Arbitration or, in the Alternative, to Dismiss for Failure to State a Claim (ECF No. 22) ("Motion to Compel"). As explained at length in that dispositive motion, Hood's individual claims fall within the scope of the Arbitration Provision contained in Hood's Cardholder Agreement, and must be compelled to arbitration under the Federal Arbitration Act. The Court must also compel arbitration of Hood's contention that the Arbitration Provision, and the class action waiver found therein, are unconscionable, because the Arbitration Provision by its express terms delegates any such issue as to "the validity or enforceability of this arbitration clause" or "any part thereof" to an arbitrator. *See Rent-A-Center v. Jackson*, No. 09-497, ___ U.S. ___, slip op., (June 21, 2010) (ECF No. 22-4).

In light of *Rent-A-Center*, the Court should bar Hood from taking discovery that explores the alleged unconscionability of the Arbitration Provision, class action waiver, or any other issue expressly delegated to an arbitrator. Moreover, even if the Court were to allow some limited discovery, Hood should be limited to her own Arbitration Provision and not be given license to commence class-wide discovery before the Court has ruled on HSBC's threshold dispositive motion. Yet Hood's Notice of Deposition attempts such class-wide discovery as to unconscionability on a grand scale, seeking testimony not only about Hood's Arbitration Provision, but thousands of other HSBC customers and their arbitration clauses, other class action lawsuits against HSBC, and the bank's practices, policies, and training – among other topics – since 2005. That Hood's Rule 30(b)(6) deposition notice is an unreasonable fishing expedition with no legitimate purpose is especially clear since she has already filed her opposition to HSBC's Motion to Compel. Thus, the Court should grant HSBC a protective order

striking Hood's Rule 30(b)(6) deposition notice and barring Hood from taking discovery until the Court has ruled on the Motion to Compel.[2]

## II. STATEMENT OF FACTS

On June 18, 2010, this Court stayed the parties' case management obligations for ninety days or until HSBC's Motion to Compel is resolved.[3] As a result, the parties have not completed their Rule 26(f) conference, which is required before commencing discovery under Rule 26(d)(1). Moreover, on June 21, 2010, the U.S. Supreme Court issued its opinion in *Rent-A-Center v. Jackson*, No. 09-497, ___ U.S. ___, slip op., (June 21, 2010), which made clear that Hood's argument as to unconscionability had been delegated to an arbitrator under the Arbitration Provision. Nonetheless, on July 2, 2010, Hood served exceptionally broad interrogatories and requests for production on HSBC. Rather than immediately involve the Court in the parties' discovery dispute with a motion for protective order, HSBC objected and provided limited responses to Hood's written discovery.[4]

On July 23, 2010, Hood served a draft Notice of Deposition under Rule 30(b)(6), listing ten extremely broad and burdensome areas of inquiry and effectively proposing that HSBC prepare a corporate designee to testify on many class-wide issues.[5] In response, HSBC sent written objections explaining the significance of *Rent-A-Center* and the obvious overbreadth of

---

[2] In the alternative, the Court should substantially limit any discovery to only Hood's Arbitration Provision and issues unrelated to unconscionability. However, because Hood does not dispute that she signed her Credit Application agreeing to abide by the terms and conditions of the Cardholder Agreement, HSBC questions the need for any such discovery.

[3] A copy of this Court's June 18, 2010 Order is attached hereto as Exhibit B.

[4] A copy of HSBC's Responses to Plaintiff's Third Request for Production of Documents (As to Arbitration Issues), is attached as Exhibit C. A copy of HSBC's Answers to Plaintiff's Second Set of Interrogatories (As to Arbitration Issues) is attached as Exhibit D.

[5] A copy of Hood's draft Deposition Notice from July 23, 2010 is attached as Exhibit E.

Hood's requests.[6]  On August 12, 2010, counsel conducted a meet and confer in which HSBC invited Hood to attempt to narrow the scope of examination to any matters not delegated to an arbitrator and that are relevant to Hood's individual Arbitration Provision, as opposed to a wide-ranging examination of all of HSBC's arbitration provisions, practices, procedures, and the like.

Instead of narrowing the deposition notice, on August 13, 2010, Hood responded by issuing a Notice of Deposition to HSBC that *added* areas of inquiry under Rule 30(b)(6) and specified that the deposition would take place ten working days later, on August 30, 2010, in Florida.  Most of the twelve "Areas of Inquiry" are so vague, ambiguous, and overbroad that HSBC cannot identify a person to testify on its behalf.  Moreover, Hood has known for at least a month of her alleged need for the requested discovery.  The Notice of Deposition was served a month after HSBC filed its Motion to Compel, and four days *after* Hood filed her Response in Opposition to HSBC's Motion to Compel.  Having delayed inexplicably for over month, until after her opposition was filed, Hood cannot claim any prejudice from being denied the overbroad, far-reaching, and inappropriate discovery she now seeks.

**III.   BECAUSE *RENT-A-CENTER* REQUIRES AN ARBITRATOR TO DECIDE HOOD'S CONTENTION THAT THE ARBITRATION PROVISION IS UNCONSCIONABLE, THE TESTIMONY SOUGHT BY HOOD IS COMPLETELY IRRELEVANT.**

Hood's Cardholder Agreement expressly delegated authority to resolve issues related to the validity and enforceability of the Arbitration Provision to an arbitrator.  Thus, the U.S. Supreme Court's recent decision in *Rent-A-Center* forecloses all discovery related to the alleged unconscionability of the Arbitration Provision.

---

[6] A copy of HSBC's July 30, 2010 Letter to counsel is attached hereto as Exhibit F. HSBC notes that the only discovery it has served to date was on August 4, 2010, in the form of a limited, single document request seeking Hood's file for her HSBC credit card.  A copy of HSBC's First Request for Production of Documents Related to Arbitration is attached hereto as Exhibit G.

Areas of Inquiry 1 through 12 of Hood's Notice of Deposition appear to seek testimony intended to help build an argument that the Arbitration Provision in Hood's Cardholder Agreement – and thousands of other customers of HSBC, both within the putative class and without[7] – are unconscionable. Any such inquiry is impermissible as it is expressly foreclosed by the delegation provision in the Arbitration Provision and *Rent-A-Center*. For example, Hood seeks: "The process by which [HSBC] decided to adopt an arbitration provision in [its] consumer motor vehicle financing agreements," (Ex. A, at ¶2), and "[HSBC's] policies, practices, and procedures with respect to the training of employees with regard to arbitration provisions." (*Id.* at ¶3). These Areas of Inquiry appear to seek testimony related to the unconscionability argument Hood advanced in her Response brief. The remaining Areas of Inquiry do the same. Therefore, under Hood's Cardholder Agreement and pursuant to *Rent-A-Center*, all twelve Areas of Inquiry in Hood's Notice of Deposition impermissibly seek testimony on a subject matter delegated to an arbitrator. Accordingly, the requested Rule 30(b)(6) deposition cannot occur.

### IV. ANY DISCOVERY PERMITTED BY THIS COURT MUST BE LIMITED TO HOOD'S INDIVIDUAL CLAIMS, NOT THE CLASS-WIDE DISCOVERY AS SOUGHT BY HOOD.

No class has been certified in this case and no class can be certified. Moreover, HSBC's Motion to Compel Arbitration of Hood's individual claims is currently pending with the Court. The only contract currently at issue in this case is the Cardholder Agreement Hood signed, which encompasses the only Arbitration Provision currently at issue in this case. Should Hood be allowed to pursue any discovery from HSBC, it should be limited to topics directly related to her Cardholder Agreement and its Arbitration Provision. Because Hood's Notice of Deposition

---

[7] Indeed, Hood is expressly seeking deposition testimony other "[c]lass action complaints by cardholders against You …" (Exh. A, at ¶7.)

impermissibly seeks testimony pertaining to class-wide issues – and beyond – it should be stricken.

For example, Areas of Inquiry No. 2 and 9 use the term "Consumer Motor Vehicle Loans," which Hood defines as "*any* loan made by HSBC to an individual in the United States to purchase or refinance a motor vehicle, and as to which a truth in lending disclosure statement was provided in connection with that loan." (Ex. A, at "Definitions") (emphasis added). And Areas of Inquiry No. 1-5, and 7-12 each rove into contracts not at issue in this case. For example, Hood's Notice of Deposition seeks "Your records relating to the number of times a consumer has arbitrated any claims against you relating to a consumer motor vehicle loan and the outcomes of such arbitration proceedings with consumers." (*Id.* at ¶9). Hood is not entitled to any such discovery regarding contracts and arbitration provisions to which she is not a party. Though Hood is attempting to take class-wide discovery through the Notice of Deposition, HSBC is not obligated to produce a corporate representative to testify regarding unrelated contracts and arbitration provisions that are completely irrelevant to any issues before this Court. Should the Court allow a deposition to take place, any permitted topics must be limited to Hood's individual Arbitration Provision.

**V.    MUCH OF THE TESTIMONY SOUGHT BY HOOD IS JUST A FISHING EXPEDITION FOR IRRELEVANT EVIDENCE AND WHOLLY UNRELATED EVEN TO THE ALLEGED UNCONSCIONABILITY OF HOOD'S ARBITRATION PROVISION.**

Hood's Notice of Deposition is further objectionable because the proposed Areas of Inquiry (1) attempt to obtain information relative to *unrelated* customer disputes pending in different forums; (2) involve matters protected by the attorney-client privilege; (3) seek irrelevant information well beyond the scope of permissible discovery, including information

sought simply to harass HSBC; and (4) are so overbroad, vague, and ambiguous that HSBC is incapable of selecting individuals to produce to testify on its behalf.

The scope of permissible discovery is limited to matters that are "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Rule 26(c)(1) states in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order * * *. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; * * * (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters * * * .

In addition to *Rent-A-Center* and the impermissible class-wide scope of Hood's deposition notice, HSBC requests that this Court apply Rule 26(c) to prohibit discovery on the following grounds:

(1) Areas of Inquiry 7-9, and 12 request information regarding independent legal disputes that have no relationship to this case.

(2) Areas of Inquiry 2, 5, and 10-12 request information protected by the attorney-client privilege and work product doctrine.

(3) Areas of Inquiry 10-12 so lack merit that their purpose can only be to vex and harass HSBC.

(4) Areas of Inquiry 1-5, and 7-12 are too vague or ambiguous for HSBC to conceivably select a corporate representative with the requisite knowledge.

### A. Hood is Not Entitled to Information Involving Unrelated Disputes.

No discovery is conceivably permitted for matters beyond the allegations raised by Hood in her Amended Complaint. Hood has absolutely no grounds to request information regarding

7

other legal actions in which HSBC is or was involved since 2005, simply by virtue of filing her claim. But Areas of Inquiry No. 7-9, and 12 seek precisely this information:

- "Class action complaints by cardholders against [HSBC] in which arbitration was raised as a defense, motions or proceedings [HSBC] filed to compel arbitration, and complaints or claims filed by [HSBC] against cardholders who were subject to arbitration." (Ex. A, at ¶7).

- "Complaints or claims filed against [HSBC] with regard to [HSBC's] arbitration provisions by a state Attorney General or other governmental official or agency." (*Id.* at ¶8).

- "[HSBC's] records relating to the number of times a consumer has arbitrated any claims against [it] relating to a consumer motor vehicle loan and the outcomes of such arbitration proceedings with consumers." (*Id.* at ¶9).

- "The contention of HSBC with respect to whether HSBC contracted, combined or conspired with any third-party financial institution with respect to arbitration practices and policies as alleged in the Currency Conversion Fee Antitrust Litigation." (*Id.* at ¶12).

This discovery is wholly irrelevant to Hood's Cardholder Agreement. Hood cannot be permitted to use the discovery mechanisms available in this case to obtain information regarding wholly separate actions. Hood's inquiries into these disputes do not further any attempt to obtain admissible information and instead serve only to complicate needlessly the current litigation.

### B. Hood Is Not Entitled to Information Protected by the Attorney-Client Privilege.

Hood also cannot issue a broad request regarding any past or present dispute involving HSBC without inquiring into matters protected by the attorney-client privilege. Hood's request for a corporate representative to testify regarding HSBC's "process by which [HSBC] decided to adopt an arbitration provision …" (i*d.* at ¶2) clearly involves matters protected by the attorney-client privilege and the attorney work product doctrine.

Similarly, Areas of Inquiry No. 7, 9, and 12 involve broad requests for any information that pertains to any legal dispute involving HSBC, and thus encroach upon information protected

8

by the attorney-client privilege and are therefore outside the permissible scope of discovery. Accordingly, this Court should grant a Protective Order prohibiting Plaintiff's inquiries in Areas of Inquiry 2, 7-9, and 12.

### C. Hood Is Not Entitled to Request Information Merely to Harass and Annoy HSBC.

The broad nature of Hood's discovery requests suggest that they are designed primarily to burden HSBC. The argumentative nature of the following requests highlight the fact that the discovery is sought merely to harass and annoy HSBC:

- "All facts related to whether HSBC contracted, combined or conspired with any third-party financial institution with respect to adopting a policy or practice of using any form arbitration provision." (*Id.* at ¶10).

- "All facts related to whether HSBC contracted, combined or conspired with any third-party financial institution with respect to adopting a policy or practice of using any specific arbitration provider." (*Id.* at ¶11).

- "The contention of HSBC with respect to whether HSBC contracted, combined or conspired with any third-party financial institution with respect to arbitration practices and policies as alleged in the Currency Conversion Fee Antitrust Litigation." (*Id.* at ¶12).

HSBC respectfully moves that this Court prohibit Hood from further engaging in requests that are vexatious and/or constitute clear attempts to harass HSBC.

### D. Hood Has Failed to Describe with Reasonable Particularity the Matters on Which Examination is Requested.

Hood has failed to designate areas for inquiry with reasonable particularity, as required by Rule 30(b)(6). That Rule provides that a party must "describe ***with reasonable particularity*** the matters for examination." Fed.R.Civ.P. 30(B)(6) (emphasis added). Areas of Inquiry No. 1-5, and 7-12, however, are not drafted with sufficient particularity to allow a reasonable person to decipher the scope of the requests and thus for HSBC to identify a corporate representative to

testify. On the contrary, each of those Areas of Inquiry is overbroad, vague, and ambiguous, and fails to identify the particular knowledge that Hood expects HSBC's corporate representatives to possess.

For example, Hood requests far-ranging testimony pertaining to unspecified information:

- "The arbitration provisions that are a part of any contracts [HSBC] use[s] or used in connection with [its] financing of motor vehicle purchases by consumers." (*Id.* at ¶1).

- "The process by which [HSBC] decided to adopt an arbitration provision in [its] consumer motor vehicle financing agreements." (*Id.* at ¶2).

- HSBC's "policies, practices and procedures." (*Id.* at ¶¶3-5).

- Information related to unrelated and unspecified cases, arbitrations, and legal disputes involving HSBC. (*Id.* at ¶¶7-9).

- A "contract, combination or conspiracy" between HSBC and any third-party financial institutions.[8] (*Id.* at ¶¶10-12).

Under Rule 30(b)(6), Hood must identify the specific topics about which she seeks to inquire (*e.g.,* the specific arbitration provision; the specific policies, practices and procedures; the specific legal dispute; and the specific third-party financial institutions). Because Hood's Deposition Notice fails to comply with Rule 30(b)(6)'s reasonable particularity requirement, the Court should strike the notice for this reason as well.

---

[8] Hood's Amended Complaint contains no allegation of a contract, combination, or conspiracy between HSBC and a third-party financial institution.

10

**VI.     CONCLUSION**

For the foregoing reasons, HSBC Bank Nevada, N.A.'s Motion for Protective Order should be granted.  Undersigned counsel, Gregory J. Phillips, certifies that he in good faith attempted to confer with Hood's counsel regarding the issues outlined in this motion, but was unable to come to a resolution.

Dated:  August 17, 2010

*/s/ David B. Esau*
Michael K. Winston (Florida Bar No.: 051403)
David B. Esau (Florida Bar No.: 650331)
CARLTON FIELDS, P.A.
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401-6350
Telephone:  (561) 659-7070
Facsimile:  (561) 659-7368
desau@carltonfields.com
mwinston@carltonfields.com

Attorneys for Defendant
HSBC Bank Nevada, N.A.

*/s/ Gregory J. Phillips*
Donald J. Mooney (Florida Bar No.: 0773441)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone.:  (513) 698-5000
Facsimile:  (513) 698-5001
dmooney@ulmer.com

Joseph A. Castrodale (Ohio Bar. No.:  0018494)
(Admitted *Pro hac vice*)
Gregory J. Phillips (Ohio Bar. No.:  0077601)
(Admitted *Pro hac vice*)
Kari C. Samuels (Ohio Bar. No.:  0081442)
(Admitted *Pro hac vice*)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113-1448
Telephone:  (216) 583-7000
Facsimile:  (216) 583-7001
jcastrodale@ulmer.com
gphillips@ulmer.com
ksamuels@ulmer.com

Attorneys for Defendant
HSBC Bank Nevada, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system:

Robert W. Murphy
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316

Steven M. Fahlgren
Law Offices of Steven M. Fahlgren, P.A.
552382 US Highway 1 North
Hilliard, FL 32046

John Roddy
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

*Attorneys for Plaintiff Hwe Hood*

                                        */s/ Gregory J. Phillips*
                                         Gregory J. Phillips

1853908v2
29586.00103